UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EMRYS JULIAN ALEXANDER,<br><br>             Plaintiff,<br><br>      v.<br><br>JEFFRY DORN, *et al*,<br><br>             Defendants. | 3:11-cv-102-ST<br><br>FINDINGS AND<br>RECOMMENDATION |

STEWART, Magistrate Judge:

Plaintiff, Emrys Julian Alexander ("Alexander"), a prisoner in state custody proceeding *pro se*, filed this action under 42 USC § 1983, alleging several claims for violations of his federal constitutional rights, as well as related claims for various torts under state law. Each of his claims arise out of an encounter between Alexander and a K-9 police officer with the Portland Police Bureau ("PPB"), Jeffrey Dorn ("Dorn"), and Dorn's canine companion, a German Shepherd named "Ranger."

1 - FINDINGS AND RECOMMENDATION

Defendants filed a motion to dismiss or, in the alternative, for summary judgment. After granting summary judgment (docket #37), this court entered a Judgment in favor of defendants on October 19, 2011, and dismissed this case with prejudice (docket #28). As the prevailing parties, defendants have now filed a Bill of Costs in the sum of $204.03 (docket #30). Alexander filed a Notice of Appeal (docket #29), but has not filed any opposition to the Bill of Costs.

## FINDINGS

Costs "should be allowed to the prevailing party" in a civil action "[u]nless a federal statute, these rules, or a court order provides otherwise." FRCP 54(d)(1). As the prevailing parties, defendants seek to recover costs of $124.03 for copying materials necessarily obtained for use in the case. That amount is supported by the Affidavit of William W. Manlove (docket #32) and the attached invoices and, thus, is recoverable under 28 USC § 1920(4). Pursuant to 28 USC § 1920, defendants also seek to recover $80.00 for the docket fee "on trial or final hearing," consisting of $20.00 for each of the four defendants. A "final hearing" under 28 USC § 1923 includes granting a motion for summary judgment. *See Berryman v. Epp*, 884 F Supp 242, 245-46 (ED Mich 1995). Here all four defendants were joined in one action and presented the same statute of limitations defense, resulting in one judgment. Therefore, only one docket fee is allowed. *Firemen's Fund Ins. Co. v. Standard Oil Co. of Cal.,* 339 F2d 148, 160 (9th Cir 1964). As a result, the recoverable costs should be reduced to $144.03 ($124.03 + $20.00).

In deciding whether to award costs to a defendant, district courts may consider the amount of the costs involved, the plaintiff's ability to pay and the possibility that the award may leave the plaintiff indigent, and the potential chilling effect on future civil rights litigants of imposing the costs. *See Stanley v. Univ. of S. Cal.*, 178 F3d 1069, 1079-81 (9th Cir 1999) (reversing district court's award of costs to defendants "particularly based on the district court's

failure to consider . . . [plaintiff's] indigency, and the chilling effect of imposing such high costs on future civil rights litigants."); *Nat'l Org. for Women v. Bank of Cal Nat'l Ass'n.*, 680 F2d 1291, 1294 (9th Cir 1982) (district court did not abuse its discretion in denying costs on basis of "plaintiffs' limited budgets").

Although Alexander has not submitted any response to the Bill of Costs concerning his indigency, he previously submitted an Amended Application for Leave for Proceed *In Forma Pauperis* (docket # 6) which this court granted (docket # 7).  That application states that he has no cash in checking or savings accounts, no valuable property or other assets, but has unspecified debts for child support and other creditors/collection agencies.  At that time, he had $63.61 in his prison account with an average monthly balance over the last six months of $51.42.  Nonetheless, "*in forma pauperis* status will not by itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant." *Singleton v. Smith*, 241 F3d 534, 539 (6th Cir 2001) (upholding constitutionality of payment provisions of the Prison Litigation Reform Act "PLRA"); *also see McGill v. Faulkner*, 18 F3d 456, 458 (7th Cir 1994) ("unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them.").

While Alexander does not indicate whether his financial status has changed since his IFP application, there is no reason to conclude that it has.  Under the extended payment plan of the PLRA, 28 USC § 1915(b)(2), any award of costs would paid through a levy on 20% of Alexander's monthly assets above $10.00.  If Alexander stayed in prison and continued to carry an average monthly balance of about $50.00, the PLRA would require payment of about $8.00 per month ($40.00 x 20%).  Therefore, he should be able to pay $144.03 in costs within 18 months.  Since a prisoner's basic needs are provided by the state, an award of costs may not be overly burdensome under the PLRA, especially when defendants, as here, seek to recover a

3 - FINDINGS AND RECOMMENDATION

relatively small amount of costs.  In similar cases involving unsuccessful §1983 claims by *pro* se prisoners, courts have awarded small amounts of costs to defendants.  *Jones v. Kolb*, 2003 WL 23095569, 84 Fed Appx 560 (6th Cir 2003) (unpublished) ($87.80); *Lampkins v. Thompson,* 337 F3d 1009 (8th Cir 2003) ($1,037.92); *Whitfield v. Scully,* 241 F3d 264 (2nd Cir 2001) ($595.96); *Harris v. Snead,* 1995 WL 739443, 73 F3d 362 (6th Cir 1995) (unpublished) ($38.00); *Berryman, supra* ($49.40); *Johnson v. Henderson,* 1995 WL 579441, 67 F3d 299 (6th Cir 1995) (unpublished) ($77.00); *Flint v. Haynes*, 651 F2d 970 (4th Cir 1981) ($289.00);. *Wilcox v. Straub*, 1997 WL 33323861 (WD Mich 1997) ($73.25).

However, if a prisoner's income does not allow him to repay the costs imposed on him while incarcerated, he may leave prison with a significant debt.  The Complaint in this case alleges that Alexander's scheduled release date is December 20, 2011.  Thus, unlike the other cases which have imposed costs on prisoners, this court foresees no reasonable prospect that Alexander will be able to repay any costs during his short amount of time remaining in prison or after his release from prison.  Therefore, the amount of costs to award against Alexander is an equitable factor that must be considered in evaluating the effect of indigency.

Of greater concern is whether the imposition of costs would chill Alexander's exercise of constitutional rights.  Defendants did not contend that his claims were either frivolous or made in bad faith.  Instead, they sought and obtained summary judgment because the statute of limitations had expired.  "[G]ood faith combined with indigence is sufficient to overcome the presumption of an award of costs."  *Washington v. Ritter,* No. 86-2956, 1990 WL 72961 (ED Pa May 24, 1990) (vacating clerk's taxation of $317.10 costs against an IFP prisoner).  This court has no information that Alexander is a frequent filer of frivolous actions, has ignored any legal advice concerning the merits of his claim, or otherwise needs to be dissuaded from filing future

actions.  Under the special circumstances in this case, the court should exercise its discretion and not award costs to defendants.

## RECOMMENDATION

For the reasons set forth above, the Bill of Costs (docket # 30) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due December 27, 2011.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 9th day of December, 2011.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
