IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EMRYS JULIAN ALEXANDER,                3:11-CV-00102-ST

        Plaintiff,                   ORDER

v.

JEFFREY DORN; ROSEANNE SIZER;
PORTLAND POLICE BUREAU; CITY
OF PORTLAND; and 1 to 10
UNKNOWN DEFENDANTS TO BE
DETERMINED THROUGH DISCOVERY,
in their individual and
professional capacities,

        Defendants.

BROWN, Judge.

    Magistrate Judge Janice M. Stewart issued Findings and

Recommendation (#35) on December 9, 2011, in which she

recommended the Court deny Defendants' Bill of Costs (#30).

Defendants filed timely Objections to the Findings and

1 - ORDER

Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## I. Portions of the Findings and Recommendation to which Defendants do not object.

Defendants do not object to the portion of the Findings and Recommendation in which the Magistrate Judge found Defendants are entitled to only one docket fee of $20, and, therefore, Defendants' costs should be reduced to $144.03.

When a party does not object to portions of a Magistrate Judge's Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). Having reviewed the legal principles *de novo* as to those portions of the Findings and Recommendation to which Defendants do not object, the Court does not find any error.

## II. Portions of the Findings and Recommendation to which Defendants object.

Defendants object to the portion of the Findings and Recommendation in which the Magistrate Judge recommended the Court deny Defendants' Cost Bill.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's

2 - ORDER

report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

The Magistrate Judge properly noted when deciding to award costs to a defendant, the court may consider the amount of costs involved; a plaintiff's ability to pay the costs, including the possibility that the award may leave the plaintiff indigent; and the potential chilling effect on any future-civil rights litigants if the costs were imposed.  *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1060, 1079-80 (9th Cir. 1999).  *See also Coloyan v. Badua*, 256 F. App'x 958, 959 (9th Cir. 2007)(same).

Plaintiff did not file any response to Defendants' Cost Bill.  Nevertheless, the Magistrate Judge noted Plaintiff had been granted leave to proceed *in forma pauperis* when his application reflected he did not have any money in a checking or savings account or other assets; he had unspecified debts for child support; and, at the time of his application, he had an average monthly balance in his prison account of $51.42.  The Magistrate Judge found if Plaintiff's average monthly balance in his prison account remained the same, he would likely be able to pay costs of $144.03 within 18 months without undue burden.  The Magistrate Judge noted, however, Plaintiff was scheduled to be released from prison 11 days after the Findings and Recommendation was issued, and, therefore, the Magistrate Judge

did not "foresee [any] reasonable prospect that [Plaintiff would]
be able to repay any costs during his short amount of time
remaining in prison or after his release from prison."

In addition, the Magistrate Judge noted Defendants did not
contend Plaintiff's claims were frivolous or made in bad faith.
Instead Defendants sought and obtained summary judgment on the
ground that the statute of limitations had expired.  Finally, the
Magistrate Judge noted she did not have any "information that
[Plaintiff] is a frequent filer of frivolous actions, has ignored
any legal advice concerning the merits of his claim, or otherwise
needs to be dissuaded from filing future actions."  Accordingly,
the Magistrate Judge recommended denying Defendants' Cost Bill.

In their Objections, Defendants assert the Ninth Circuit has
made clear that "54(d) creates a presumption in favor of awarding
costs to prevailing parties, and it is incumbent upon the losing
party to demonstrate why the costs should not be awarded."
*Stanley*, 178 F.3d at 1079 (9th Cir. 1999).  *See also Dawson v.
City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006)("Under
Federal Rule of Civil Procedure 54(d), there is a presumption
that the prevailing party will be awarded its taxable costs.  To
overcome this presumption, a losing party must establish a reason
to deny costs.")(quotation omitted)).  Here Plaintiff did not
file any response to Defendants' Cost Bill and, therefore, did
not make any showing as to why Defendants' costs should be

4 - ORDER

denied.

Defendants also point out that they sought dismissal solely on the ground that Plaintiff's claims were time-barred. Defendants "never had the need to contest the merits of plaintiff's allegations" nor did the Court address whether Plaintiff's claims were frivolous or in bad faith.

Finally, Defendants note the costs of $144.03 are modest, and it seems unlikely that Plaintiff would not be able to repay them without undue financial hardship whether in or out of prison.

On this record the Court concludes Plaintiff has not overcome the presumption in favor of an award of costs to the prevailing party nor has Plaintiff asserted or established that paying Defendants' costs in the amount of $144.03 will actually pose a financial hardship to him. Finally, the Court concludes a cost award of $144.03 is quite modest and unlikely to chill or to deter future litigants from bringing meritorious civil-rights actions. *See, e.g.*, *Phillips v. Marion County Sheriff's Office*, No. 6:09-CV-6061-MO, 2011 WL 4007381 (D. Or. Sept. 8, 2011)("I conclude that plaintiff has not given me adequate reason to disturb the presumption in favor of costs. Although plaintiff's claims are important, there is no clear indication that awarding costs under circumstances such as these will have any chilling effect on future litigants. While there may be disparity between

5 - ORDER

the resources of defendants and plaintiffs, plaintiff has not asserted or demonstrated that paying defendants' costs will actually pose a financial hardship.  Nor has she taken issue with any of those specific costs.").

Accordingly, the Court declines to adopt the portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court deny Defendants' Cost Bill.


### CONCLUSION

The Court **ADOPTS** the portion of Magistrate Judge Stewart's Findings and Recommendation (#35) in which she recommends the Court reduce Defendants' costs to $144.03 and **DECLINES TO ADOPT** the portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court deny Defendants' Bill of Costs (#30).  Accordingly, the Court **GRANTS in part** Defendants' Bill of Costs (#30) and **AWARDS** Defendants costs in the amount of $144.03.

IT IS SO ORDERED.

DATED this 21st day of February, 2012.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6 – ORDER